# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDITH MAE MAY,**

    **Plaintiff,**

 v.                                                                        Case No. 20-CV-948

**STATE OF WISCONSIN**

    **Defendant.**

# ORDER

Plaintiff Edith Mae May is representing herself. She filed a complaint along with a petition to proceed without prepayment of the filing fee (*in forma pauperis*) pursuant to 28 U.S.C. § 1915. (ECF No. 2.) However, May did not submit a copy of her certified prison trust account statement along with her motion. The trust account statement is used to calculate the amount of the initial partial filing fee pursuant to the Prison Litigation Reform Act ("PLRA") *See* 28 U.S.C. § 1915(b)(1). An inmate is required under the PRLA to submit the trust account statement after obtaining it from the appropriate official at her institution. *Id.* § 1915(a)(2).

To that end, the Clerk of Court sent May a letter on June 29, 2020 requesting that the trust account statement be filed within 21 days. (ECF No. 3.) In response, May sent a letter stating that she does not have money to pay the copy fees to submit the trust account statement. (ECF No. 5.) She further states that the prison

refuses to allow her to use her release account to pay these fees and is denying her a legal loan.

While May did not file a motion requesting to pay the copy fees out of her release account, I will construe her letter as such and deny that motion. The PLRA requires a court to collect fees from a "prisoner's account." 28 U.S.C. § 1915(b). The term "prisoner's account" encompasses both a prisoner's release account and his general account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466). Given the purpose of the release account, federal courts do not deem it prudent to focus on that account as the source of funds to satisfy the filing fee payment requirements. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). Generally, the only exception to this is allowing prisoners to pay initial partial filing fees out of their release account. *Doty v. Doyle*, 182 F. Supp. 2d 750, 752 (E.D. Wis. 2002).

As such, general litigation costs should not be paid from the release account. This includes fees for copying his trust account statement, even if the cost of copying is minimal. *Beacon v. Dittman*, Case No. 14-cv-136, 2017 WL 375644 at *2 (E.D. Wis. Jan. 26, 2017). Allowing May to use her release account essentially as a back-up litigation fund would deplete it and undermine the purpose of the release account.

2

Case 2:20-cv-00948-NJ   Filed 08/07/20   Page 2 of 4   Document 6

May is going to have to consider her resources and use them strategically if she wants to continue with her case. May states in her letter that she was denied a legal loan. Whether or not to extend credit to an inmate for her cases is "a matter strictly between [her] and Wisconsin and not any business of the federal courts." *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). Accordingly, May needs to make some decisions on how she wants to proceed based on her availability of funds. I note that May has two other cases before me that require certified copies of trust account statements: Case No. 20-cv-829 and Case No. 20-cv-1024. While normally plaintiffs need to make separate filings for separate cases, in this **one instance**, I will allow May to file one certified copy of her trust account statement for all three cases. She must list all three case numbers on top of the certified copy. However, except for the certified copy for trust account statements, as a general rule going forward, May needs to file separate filings for each of her separate cases.

Accordingly, if May wishes to proceed with her case, she must provide a certified copy of her trust fund account statement for the six-month period immediately preceding the filing of her complaint within 21 days of the date of this order. If she fails to do so, I will dismiss this case without prejudice and without further notice to May based on her failure to diligently prosecute it. *See* Civil L.R. 41(c.)

**IT IS THEREFORE ORDERED**, that by the end of the day on **August 28, 2020,** May must file a certified copy of her trust account statement covering the six-month period preceding the filing of her complaint. If she fails to do so, her case will

3

be dismissed without prejudice and without further notice to her based on her failure to diligently prosecute it.

Dated at Milwaukee, Wisconsin this 7th day of August, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge