# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDITH MAE MAY,**

    **Plaintiff,**

v.                                                                                                      Case No. 20-CV-948

**STATE OF WISCONSIN**

    **Defendant.**

## ORDER

Plaintiff Edith Mae May is representing herself. She filed a complaint along with a petition to proceed without prepayment of the filing fee (*in forma pauperis*) pursuant to 28 U.S.C. § 1915. (ECF No. 2.) However, May did not submit a copy of her certified prison trust account statement along with her motion. The trust account statement is used to calculate the amount of the initial partial filing fee pursuant to the Prison Litigation Reform Act ("PLRA") *See* 28 U.S.C. § 1915(b)(1). An inmate is required under the PRLA to submit the trust account statement after obtaining it from the appropriate official at her institution. *Id.* § 1915(a)(2).

To that end, the Clerk of Court sent May a letter on June 29, 2020 requesting that the trust account statement be filed within 21 days. (ECF No. 3.) In response, May sent a letter stating that she does not have money to pay the copy fees to submit the trust account statement. (ECF No. 5.) She further stated that the prison refuses to allow her to use her release account to pay these fees and is denying her a

legal loan. I construed that letter as a motion to pay the fees out of her release account and denied the motion because using release accounts to pay general litigation costs flouts the purpose of the release account. (ECF No. 6.) I gave May until August 28, 2020 to provide a certified copy of her trust account statement as required by law. May also has two other cases before me that require trust account statements: Case No. 20-cv-829 and Case No. 20-cv-1024. Acknowledging her limited availability of funds, I allowed May to file one certified trust account statement for all three cases. (*Id.* at 3.) I warned May that if she did not provide the certified trust account statement by August 28, 2020, I would dismiss this case without prejudice and without further notice to her. (*Id.*)

May filed a letter on August 18, 2020 and filed a copy of a trust account statement that was partial and uncertified. (ECF Nos. 7,8.) The letter also stated that she does not have funds to pay for a certified copy. Unfortunately, I cannot accept the uncertified copy under 28 U.S.C. § 1915(a)(2). As such, I entered a text only order on August 24, 2020 explaining that the uncertified copy does not satisfy the statutory requirements and reminded May of her obligation to provide a certified copy by August 28, 2020.

After reviewing her uncertified partial copy of her trust account statement, I note that May has no income but also owes on several legal loans and is paying legal fees for several current and prior litigations. My clerk called Taycheedah Correctional Institution and confirmed that May would be required to pay for the copy of the certified trust account; that a legal loan was denied to her because of her

2

prior outstanding balances on several other legal loans; and that there was no mechanism in which Taycheedah or the Wisconsin Department of Corrections could provide a certified copy free of charge.

While I note that May has no income, I also note that she has filed several cases over the last few years. One of the purposes of requirements of the PLRA, including the mandate to provide a certified trust account statement, is to give prisoners an economic disincentive to filing frivolous cases and reduce the number of frivolous suits. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Lee v. Clinton*, 209 F.3d 1025, 2016 (7th Cir. 2000). In that vein, in my August 7, 2020 order, I explained to May that she would have to consider her resources and use them strategically if she wanted to continue with her case. It seems apparent that at this point in time, with her outstanding unpaid legal loans, she does not have the ability to do so because of her own past choices regarding her litigation.

May, therefore, has failed to comply with both the terms of the PLRA and my August 7 and August 24 orders. I have given May ample opportunity to comply, and I have warned May repeatedly that failure to comply would result in dismissal of her case. I would be within my discretion to dismiss this complaint and the complaints in her other two cases outright. *See* Civil L.R. 41(c); *Vaughn v. Litscher*, Case No. 16-cv-1486, 2017 WL 78498 at *1 (E.D. Wis. Jan 9, 2017). However, I will give May one final opportunity to proceed on this case. I will deny her request for leave to proceed *in forma pauperis*, because her request, without the certified trust account statement, is incomplete. As such, I cannot determine if she meets the

requirements to proceed *in forma pauperis*. I will also give May ten days from the date of this order to pay the full $400 filing fee. If she fails to do so by this date, her complaint will be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that May's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED.** She must pay the full $400.00 filing fee by **September 25, 2020** or her case will be dismissed without prejudice and without further notice to her based on her failure to diligently prosecute it.

Dated at Milwaukee, Wisconsin this 16th day of September, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge