UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**EDITH MAE MAY,**

    **Plaintiff,**

 v.                                                                                       Case No. 20-CV-948

**STATE OF WISCONSIN**

    **Defendant.**

## ORDER

    Plaintiff Edith Mae May is representing herself. She filed a complaint along with a petition to proceed without prepayment of the filing fee (*in forma pauperis*) pursuant to 28 U.S.C. § 1915. (ECF No. 2.) However, May did not submit a copy of her certified prison trust account statement along with her motion. An inmate is required under the PRLA to submit the trust account statement after obtaining it from the appropriate official at her institution. *Id.* § 1915(a)(2).

    To that end, the Clerk of Court sent May a letter on June 29, 2020 requesting that the trust account statement be filed within 21 days. (ECF No. 3.) In response, May sent a letter stating that she does not have money to pay the copy fees to submit the trust account statement. (ECF No. 5.) She further stated that the prison refuses to allow her to use her release account to pay these fees and is denying her a legal loan. I construed that letter as a motion to pay the fees out of her release account and denied the motion because using release accounts to pay general

litigation costs flouts the purpose of the release account. (ECF No. 6.) I gave May until August 28, 2020 to provide a certified copy of her trust account statement as required by law. May also has two other cases before me that require trust account statements: Case No. 20-cv-829 and Case No. 20-cv-1024. Acknowledging her limited availability of funds, I allowed May to file one certified trust account statement for all three cases. (*Id.* at 3.) I warned May that if she did not provide the certified trust account statement by August 28, 2020, I would dismiss this case without prejudice and without further notice to her. (*Id.*)

May filed a letter on August 18, 2020 and filed a copy of a trust account statement that was partial and uncertified. (ECF Nos. 7,8.) The letter also stated that she does not have funds to pay for a certified copy. I entered a text only order on August 24, 2020 explaining that the uncertified copy does not satisfy the statutory requirements under 28 U.S.C. § 1915(a)(2) and reminded May of her obligation to provide a certified copy by August 28, 2020.

May failed to do so by that date. As such, I entered an order on September 16, 2020 denying her motion to proceed *in forma pauperis* because in failing to provide the required certified trust account statement, I could not determine if she qualified to proceed *in forma pauperis*. (ECF No. 9.) I also gave May until September 25, 2020 to pay the full $400.00 filing fee to be able to proceed with her case. (*Id.*) That date has passed, and May has not paid the full $400.00 fee. Accordingly, I will dismiss her case without prejudice for failure to pay the filing fee.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED without prejudice** for failure to pay the full $400.00 filing fee.

Dated at Milwaukee, Wisconsin this 29th day of September, 2020.

BY THE COURT:

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge